IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(Springfield Division)

| | |
|---|---|
| IRWIN INDUSTRIAL TOOL COMPANY D/B/A LENOX, <br><br> Plaintiff, <br><br> v. <br><br> MILWAUKEE ELECTRIC TOOL CORPORATION, <br><br> Defendant. | Civil Action No. 3:15-cv-30005 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Irwin Industrial Tool Company d/b/a Lenox ("Lenox" or "Plaintiff"), for its complaint against Defendant Milwaukee Electric Tool Corporation ("Milwaukee" or "Defendant"), seeking damages, injunctive relief, and other relief for patent infringement, alleges as follows:

### NATURE OF ACTION

1. This is an action for patent infringement arising under Title 35 of the United States Code seeking monetary damages and injunctive relief against Defendant due to its continued violation of Lenox's rights in U.S. Patent Nos. 8,579,554 and 8,579,555.

### PARTIES

2. Plaintiff Lenox is a corporation organized and existing under the laws of the State of Delaware. Lenox's principal place of business is in North Carolina, but it has substantial business operations in the District of Massachusetts. Lenox's largest United States facility is located in East Longmeadow, Massachusetts, where Lenox employs over 100 employees.

3. Lenox has been operating as a business for nearly a century. During this time period, Lenox has invested significant resources developing and providing its customers

premium-performance tools and accessories. In its 500,000 square-foot facility sitting on an 11-acre space in East Longmeadow, Massachusetts, Lenox integrates research and development with advanced manufacturing techniques to market and provide customers band saw blades, hand tools, and power tool accessories, including but not limited to, wood and metal cutting Bi-Metal hole saws and hole saw kits. Lenox is a wholly owned subsidiary of Newell Rubbermaid, Inc.

4. On information and belief, Defendant Milwaukee Electric Tool Corporation is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 13135 West Lisbon Road, Brookfield, Wisconsin 53005.

5. On information and belief, Defendant Milwaukee is engaged, *inter alia*, in the business of making, using, offering to sell, selling, and/or importing various products, including, but not limited to, its Hole Dozer™ Bi-Metal hole saws (1-1/2" and larger), Hole Dozer™ Bi-Metal hole saw (1-1/2" and larger) kits, Hole Dozer™ Bi-Metal hole saws (1-1/2" and larger) with arbors, Plug Jack™ (all-access slot design) saws, and Plug Jack™ (all-access slot design) saw kits (collectively, "the Accused Products") in the United States and, in particular, this district.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a).

7. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant has conducted and does conduct business within this district including, without limitation, directly and/or through intermediaries (distributors, third party administrators, etc.), the sale, offer for sale, and/or advertising of the infringing products described herein.

8. On information and belief, venue in this district is proper pursuant to 28 U.S.C §§ 1391(b), (c), and (d) and 1400(b).

**PATENTS-IN-SUIT**

9. On January 13, 2010, a nonprovisional utility patent application titled "Hole Cutter With Axially-Elongated Aperture Defining Multiple Fulcrums" was filed in the United States Patent and Trademark Office, which application resulted in the granting of United States Patent No. 8,579,554, issued on November 12, 2013 ("the '554 Patent"). A true and accurate copy of the '554 Patent, which is valid and subsisting, is attached hereto as <u>Exhibit A</u> and incorporated herein by reference.

10. On January 13, 2011, a nonprovisional utility patent application titled "Hole Cutter With Axially-Elongated Aperture Defining Multiple Fulcrums" was filed in the United States Patent and Trademark Office, which application resulted in the granting of United States Patent No. 8,579,555, issued on November 12, 2013 ("the '555 Patent"). A true and accurate copy of the '555 Patent, which is valid and subsisting, is attached hereto as <u>Exhibit B</u> and incorporated herein by reference.

11. Plaintiff Lenox is the owner by assignment of all rights, title, and interest in and to the Patents-in-Suit and possesses all rights of recovery thereunder, including the right to sue for infringement and recover past damages.

## COUNT I
### (Infringement of U.S. Patent No. 8,579,554)

12.     Lenox hereby incorporates by reference the allegations contained in paragraphs 1 through 11 of this Complaint as if stated herein.

13.     Defendant's manufacture, use, importation, offer for sale, and/or sale of the Accused Products, without Lenox's authorization, have infringed and will continue to infringe, either literally or under the doctrine of equivalents, at least claims 1 and 24 of the '554 Patent.

14.     As a non-limiting example, Defendant's manufacture, use, importation, offer for sale, and/or sale of the 2" Hole Dozer™ Bi-Metal hole saw, without Lenox's authorization, have infringed and will continue to infringe, either literally or under the doctrine of equivalents, at least claims 1 and 24 of the '554 Patent. The 2" Hole Dozer™ Bi-Metal hole saw is a cylindrically shaped hole cutter with at least one aperture in its blade body. One portion of the blade body has a cutting edge (*i.e.*, the portion with blades). The aperture has multiple points where a tool, such as a lever, can be used to remove work piece slugs from the interior of the blade body. For example, the slots in the 2" Hole Dozer™ Bi-Metal hole saw are designed to allow the user to work material up and out of the interior of the blade body, giving users all access to get materials out of the hole saw.

15.     To the extent that the facts learned in discovery show that Defendant's infringement of the '554 Patent is or has been willful, Lenox reserves the right to request such a finding at the time of trial.

16.     Defendant's conduct has caused Lenox to be deprived of rights, remunerations and profits which would have otherwise come to Lenox but for the infringement, thereby entitling Lenox to damages.

17. Lenox has no adequate remedy at law, and Defendant's conduct has caused and, if not enjoined, will continue to cause irreparable damage to Lenox.

18. As a result of Defendant's wrongful conduct, Lenox is entitled to injunctive relief.

## COUNT II
### (Infringement of U.S. Patent No. 8,579,555)

19. Lenox hereby incorporates by reference the allegations contained in paragraphs 1 through 18 of this Complaint as if stated herein.

20. Defendant's manufacture, use, importation, offer for sale, and/or sale of the Accused Products, without Lenox's authorization, have infringed and will continue to infringe, either literally or under the doctrine of equivalents, at least claims 1 and 22 of the '555 Patent.

21. As a non-limiting example, Defendant's manufacture, use, importation, offer for sale, and/or sale of the 2" Hole Dozer™ Bi-Metal hole saw, without Lenox's authorization, have infringed and will continue to infringe, either literally or under the doctrine of equivalents, at least claims 1 and 22 of the '555 Patent. The 2" Hole Dozer™ Bi-Metal hole saw is a cylindrically shaped hole cutter with at least one aperture in its blade body. One portion of the blade body has a cutting edge (*i.e.*, the portion with blades). The aperture has multiple points where a tool, such as a lever, can be used to remove work piece slugs from the interior of the blade body. For example, the slots in the 2" Hole Dozer™ Bi-Metal hole saw are designed to allow the user to work material up and out of the interior of the blade body, giving users all access to get materials out of the hole saw.

22. To the extent that the facts learned in discovery show that Defendant's infringement of the '555 Patent is or has been willful, Lenox reserves the right to request such a finding at the time of trial.

23. Defendant's conduct has caused Lenox to be deprived of rights, remunerations and profits which would have otherwise come to Lenox but for the infringement, thereby entitling Lenox to damages.

24. Lenox has no adequate remedy at law, and Defendant's conduct has caused and, if not enjoined, will continue to cause irreparable damage to Lenox.

25. As a result of Defendant's wrongful conduct, Lenox is entitled to injunctive relief.

## RELIEF REQUESTED

WHEREFORE, Lenox prays:

A. That this Court order, adjudge and decree that the '554 and '555 Patents are valid, enforceable, and infringed by Defendant;

B. That injunctions, preliminary and permanent, be issued out of this Court restraining Defendant, and their officers, agents, servants and employees, from directly or indirectly making or causing to be made, selling, or causing to be sold, or offering for sale, importing, or using or causing to be used in any way the inventions of the claims of the Patents-in-Suit, or otherwise directly infringing, contributorily infringing or inducing infringement of the Patents-in-Suit;

C. That this Court order Defendant, their officers, agents, servants and employees to deliver up to this Court for destruction all products infringing upon, directly or otherwise, any claim of the Patents-in-Suit or the use of which would infringe, directly or otherwise, any claim of the Patents-in-Suit;

D. That Defendant be ordered to account for and pay over all proceeds and profits made by them from their wrongful infringing acts, and to account for and pay to Lenox damages in a sum to be determined by the Court;

E.     That, if the evidence warrants, Defendant's infringement be declared willful, and the damages awarded by the Court to Lenox adjusted accordingly;

F.     That, if the evidence warrants, this Court find this to be an exceptional case under 35 U.S.C. § 285 and order Defendant to pay to Lenox reasonable attorney's fees and all other costs which may be incurred by Lenox;

G.     That this Court order Defendant to pay the costs of this action, pre-judgment interest and post-judgment interest; and

H.     That this Court grant to Lenox such other and further relief as may be deemed just and equitable.

## JURY DEMAND

Lenox hereby demands trial by jury on all issues so triable.

Dated: January 8, 2015

Respectfully submitted,

Irwin Industrial Tool Company d/b/a Lenox

By Counsel

By: */s/ Kevin M. Duddlesten*
     Kevin M. Duddlesten (BBO No. 680624)
     MCGUIREWOODS LLP
     2000 McKinney Avenue, Suite 1400
     Dallas, Texas 75201
     Tel:     214 932 6400
     Fax:    214 932 6499
     kduddlesten@mcguirewoods.com

*Counsel for Plaintiff Irwin Industrial Tool Company d/b/a Lenox*