UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IRWIN INDUSTRIAL TOOL COMPANY D/B/A LENOX,<br><br>Plaintiff,<br><br>v.<br><br>MILWAUKEE ELECTRIC TOOL CORPORATION,<br><br>Defendant. | CIVIL ACTION<br>NO. 3:15-cv-30005 |

**MILWAUKEE ELECTRIC TOOL CORPORATION'S
<u>ANSWER TO THE COMPLAINT</u>**

Milwaukee Electric Tool Corporation ("Milwaukee Tool" or "Defendant") by and through its undersigned attorneys, answer Irwin Tool Company d/b/a Lenox's ("Lenox" or "Plaintiff") Complaint ("Complaint") as follows:

### <u>NATURE OF ACTION</u>

1. This is an action for patent infringement arising under Title 35 of the United States Code seeking monetary damages and injunctive relief against Defendant due to its continued violation of Lenox's rights in U.S. Patent Nos. 8,579,554 and 8,579,555.

**<u>ANSWER</u>:** Defendant admits that this purports to be an action for patent infringement by Lenox, but denies the remaining allegations in paragraph 1.

### <u>PARTIES</u>

2. Plaintiff Lenox is a corporation organized and existing under the laws of the State of Delaware. Lenox's principal place of business is in North Carolina, but it has substantial business operations in the District of Massachusetts. Lenox's largest United States facility is located in East Longmeadow, Massachusetts, where Lenox employs over 100 employees.

**ANSWER**:  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and, therefore, denies the same.

3.  Lenox has been operating as a business for nearly a century.  During this time period, Lenox has invested significant resources developing and providing its customers premium-performance tools and accessories.  In its 500,000 square-foot facility sitting on an 11-acre space in East Longmeadow, Massachusetts, Lenox integrates research and development with advanced manufacturing techniques to market and provide customers band saw blades, hand tools, and power tool accessories, including but not limited to, wood and metal cutting Bi-Metal hole saws and hole saw kits. Lenox is a wholly owned subsidiary of Newell Rubbermaid, Inc.

**ANSWER:**  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 3 of the Complaint and, therefore, denies the same.

4.  On information and belief, Defendant Milwaukee Electric Tool Corporation is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 13135 West Lisbon Road, Brookfield, Wisconsin 53005.

**ANSWER:**  Admitted.

5.  On information and belief, Defendant Milwaukee is engaged, *inter alia*, in the business of making, using, offering to sell, selling, and/or importing various products, including, but not limited to, its Hole Dozer™ Bi-Metal hole saws (1-1/2" and larger), Hole Dozer™ Bi-Metal hole saw (1-1/2" and larger) kits, Hole Dozer™ Bi-Metal hole saws (1-1/2" and larger) with arbors, Plug Jack™ (all-access slot design) saws, and Plug Jack™ (all-access slot design) saw kits (collectively, "the Accused Products") in the United States and, in particular, this district.

**ANSWER:**  Defendant admits that it sells the products identified in paragraph 5, but denies any allegation of patent infringement.

## JURISDICTION AND VENUE

6.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a).

**ANSWER:**  Admitted.

7. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant has conducted and does conduct business within this district including, without limitation, directly and/or through intermediaries (distributors, third party administrators, etc.), the sale, offer for sale, and/or advertising of the infringing products described herein.

**ANSWER:** Admitted.

8. On information and belief, venue in this district is proper pursuant to 28 U.S.C. §§ 1391(b), (c), and (d) and 1400(b).

**ANSWER:** Defendant admits that jurisdiction is proper in this District, but denies that this District is the most convenient forum for litigating the present lawsuit.

## PATENTS-IN-SUIT

9. On January 13, 2010, a nonprovisional utility patent application titled "Hole Cutter With Axially-Elongated Aperture Defining Multiple Fulcrums" was filed in the United States Patent and Trademark Office, which application resulted in the granting of United States Patent No. 8,579,554, issued on November 12, 2013 ("the '554 Patent"). A true and accurate copy of the '554 Patent, which is valid and subsisting, is attached hereto as Exhibit A and incorporated herein by reference.

**ANSWER:** Defendant admits that on January 13, 2010, a nonprovisional utility patent application titled "Hole Cutter With Axially-Elongated Aperture Defining Multiple Fulcrums" was filed, resulting in the granting of U.S. Patent No. 8,579,554, which issued on November 12, 2013. Defendant denies that the '554 Patent is valid and denies the remaining allegations contained in paragraph 9.

10. On January 13, 2011, a nonprovisional utility patent application titled "Hole Cutter With Axially-Elongated Aperture Defining Multiple Fulcrums" was filed in the United States Patent and Trademark Office, which application resulted in the granting of United States Patent No. 8,579,555, issued on November 12, 2013 ("the '555 Patent"). A true and accurate copy of the '555 Patent, which is valid and subsisting, is attached hereto as Exhibit B and incorporated herein by reference.

**ANSWER:** Defendant admits that on January 13, 2010, a nonprovisional utility patent application titled "Hole Cutter With Axially-Elongated Aperture Defining Multiple Fulcrums" was filed, resulting in the granting of U.S. Patent No. 8,579,555, which issued on November 12,

3

2013. Defendant denies that the '555 Patent is valid and denies the remaining allegations contained in paragraph 10.

11. Plaintiff Lenox is the owner by assignment of all rights, title, and interest in and to the Patents-in-Suit and possesses all rights of recovery thereunder, including the right to sue for infringement and recover past damages.

**ANSWER:** Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11 of the Complaint and, therefore, denies the same.

### COUNT I
### (Infringement of U.S. Patent No. 8,579,554)

12. Lenox hereby incorporates by reference the allegations contained in paragraphs 1 through 11 of this Complaint as if stated herein.

**ANSWER:** Defendant repeats and realleges and incorporates by reference paragraphs 1 through 11 above, as if fully set forth herein.

13. Defendant's manufacture, use, importation, offer for sale, and/or sale of the Accused Products, without Lenox's authorization, have infringed and will continue to infringe, either literally or under the doctrine of equivalents, at least claims 1 and 24 of the '554 Patent.

**ANSWER:** Defendant denies the allegations contained in paragraph 13.

14. As a non-limiting example, Defendant's manufacture, use, importation, offer for sale, and/or sale of the 2" Hole Dozer™ Bi-Metal hole saw, without Lenox's authorization, have infringed and will continue to infringe, either literally or under the doctrine of equivalents, at least claims 1 and 24 of the '554 Patent. The 2" Hole Dozer™ Bi-Metal hole saw is a cylindrically shaped hole cutter with at least one aperture in its blade body. One portion of the blade body has a cutting edge (*i.e.*, the portion with blades). The aperture has multiple points where a tool, such as a lever, can be used to remove work piece slugs from the interior of the blade body. For example, the slots in the 2" Hole Dozer™ Bi-Metal hole saw are designed to allow the user to work material up and out of the interior of the blade body, giving users all access to get materials out of the hole saw.

**ANSWER:** Defendant denies the allegations contained in paragraph 14.

15. To the extent that the facts learned in discovery show that Defendant's infringement of the '554 Patent is or has been willful, Lenox reserves the right to request such a finding at the time of trial.

**ANSWER**:  Defendant denies the allegations contained in paragraph 15.

16. Defendant's conduct has caused Lenox to be deprived of rights, remunerations and profits which would have otherwise come to Lenox but for the infringement, thereby entitling Lenox to damages.

**ANSWER**:  Defendant denies the allegations contained in paragraph 16.

17. Lenox has no adequate remedy at law, and Defendant's conduct has caused and, if not enjoined, will continue to cause irreparable damage to Lenox.

**ANSWER**:  Defendant denies the allegations contained in paragraph 17.

18. As a result of Defendant's wrongful conduct, Lenox is entitled to injunctive relief.

**ANSWER**:  Defendant denies the allegations contained in paragraph 18.

## COUNT II
### (Infringement of U.S. Patent No. 8,579,555)

19. Lenox hereby incorporates by reference the allegations contained in paragraphs 1 through 18 of this Complaint as if stated herein.

**ANSWER**:  Defendant repeats and realleges and incorporates by reference paragraphs 1 through 18 above, as if fully set forth herein.

20. Defendant's manufacture, use, importation, offer for sale, and/or sale of the Accused Products, without Lenox's authorization, have infringed and will continue to infringe, either literally or under the doctrine of equivalents, at least claims 1 and 22 of the '555 Patent.

**ANSWER**:  Defendant denies the allegations contained in paragraph 20.

21. As a non-limiting example, Defendant's manufacture, use, importation, offer for sale, and/or sale of the 2" Hole Dozer™ Bi-Metal hole saw, without Lenox's authorization, have infringed and will continue to infringe, either literally or under the doctrine of equivalents, at least claims 1 and 22 of the '555 Patent.  The 2" Hole Dozer™ Bi-Metal hole saw is a cylindrically shaped hole cutter with at least one aperture in its blade body.  One portion of the

blade body has a cutting edge (*i.e.*, the portion with blades).  The aperture has multiple points where a tool, such as a lever, can be used to remove work piece slugs from the interior of the blade body.  For example, the slots in the 2" Hole Dozer™ Bi-Metal hole saw are designed to allow the user to work material up and out of the interior of the blade body, giving users all access to get materials out of the hole saw.

**ANSWER:**  Defendant denies the allegations contained in paragraph 21.

22.  To the extent that the facts learned in discovery show that Defendant's infringement of the '555 Patent is or has been willful, Lenox reserves the right to request such a finding at the time of trial.

**ANSWER:**  Defendant denies the allegations contained in paragraph 22.

23.  Defendant's conduct has caused Lenox to be deprived of rights, remunerations and profits which would have otherwise come to Lenox but for the infringement, thereby entitling Lenox to damages.

**ANSWER:**  Defendant denies the allegations contained in paragraph 23.

24.  Lenox has no adequate remedy at law, and Defendant's conduct has caused and, if not enjoined, will continue to cause irreparable damage to Lenox.

**ANSWER:**  Defendant denies the allegations contained in paragraph 24.

25.  As a result of Defendant's wrongful conduct, Lenox is entitled to injunctive relief.

**ANSWER:**  Defendant denies the allegations contained in paragraph 25.

## ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF

Defendant denies that Lenox is entitled to any relief whatsoever, whether as sought in its Prayer for Relief, or otherwise, in connection with this civil action.  Defendant requests that the Court deny the judgment and requested relief set forth in Lenox's Prayer for Relief, or otherwise, at the conclusion of the Complaint.

## GENERAL DENIAL

Except as expressly admitted herein, Defendant denies each and every allegation contained in Lenox's Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Subject to the responses above, Defendant alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition, Defendant specifically reserves all rights to assert additional defenses that become known to it through the course of discovery.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief may be granted against Defendant.

## SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement)

Defendant does not infringe and has not infringed, directly or indirectly, any valid and enforceable claim of the '554 and '555 Patents, literally or under the doctrine of equivalents. Further, Defendant does not and has not willfully infringed any claim of the '554 and '555 Patents.

## THIRD AFFIRMATIVE DEFENSE
### (Invalidity Pursuant to Part II of Title 35)

Each claim of the '554 and '555 Patents is invalid for failure to meet one or more of the conditions for patentability specified in Part II of Title 35, specifically including 35 U.S.C. §§ 101, 102, and/or 103. For example, the '554 and '555 Patents are invalid under 35 U.S.C. §§ 102 and/or 103 in light of at least U.S. Pat. Nos. 2,473,077; 6,820,519; and 7,237,291, and/or U.S. Publication 2009/0035082, alone or in combination therewith.

### FOURTH AFFIRMATIVE DEFENSE
### (Invalidity Pursuant to 35 U.S.C. § 112)

Each claim of the '554 and '555 Patents is invalid for failure to meet one or more of the conditions for patentability under 35 U.S.C. § 112.

### FIFTH AFFIRMATIVE DEFENSE
### (No Entitlement to Injunctive Relief)

Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff would have an adequate remedy at law.

### SIXTH AFFIRMATIVE DEFENSE
### (Limitations on Damages and Costs)

Plaintiff's claims for relief and prayer for damages are barred, in whole or in part, or otherwise limited by 35 U.S.C. § 286.  To the extent Plaintiff, or any assignee, failed to properly mark any of its relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Defendant's actions allegedly infringed any claim of the asserted patent, Defendant is not liable to Plaintiff for the acts alleged to have been performed before Defendant received notice that it was allegedly infringing the '554 and '555 Patents.  Plaintiff is further barred by 35 U.S.C. § 288 from recovering any costs associated with this action.

### SEVENTH AFFIRMATIVE DEFENSE
### (Limitations On Fees)

Plaintiff cannot prove that this is an exceptional case justifying an award of attorney fees against Defendant pursuant to 35 U.S.C. § 285.

### EIGHTH AFFIRMATIVE DEFENSE
### (Equitable Defenses)

Plaintiff's claims are barred, in whole or in part, under the principles of equity, including laches, equitable estoppel, unclean hands, waiver, and/or acquiescence.

## ADDITIONAL DEFENSES RESERVED

Defendant's investigation of its defenses is continuing, and Defendant expressly reserves the right to allege and assert any additional defenses available under Rule 8(c) of the Federal Rules of Civil Procedure and/or the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future that become available based on discovery and further factual investigation in this case.

## DEMAND FOR A JURY TRIAL

Defendant requests a jury trial for all triable issues in Lenox's Complaint and Defendant's Affirmative Defenses to the extent allowed by the United States Constitution and the Federal Rules of Civil Procedure.

## MILWAUKEE ELECTRIC TOOL CORPORATION'S COUNTERCLAIMS

Counterclaimant Milwaukee Electric Tool Corporation ("Milwaukee Tool" or "Counterclaimant"), by and through its undersigned attorneys, hereby asserts these Counterclaims against Irwin Tool Company d/b/a Lenox's ("Lenox" or "Counterclaim-Defendant") as follows:

## PARTIES AND JURISDICTION

1.  Counterclaimant Plaintiff Milwaukee Electric Tool Corporation ("Milwaukee Tool") is a Delaware corporation with its principal place of business located at 13135 West Lisbon Road, Brookfield, Wisconsin 53005.

2.  Upon information and belief, Counterclaim-Defendant Lenox is a corporation organized and existing under the laws of the State of Delaware.

3.  Upon information and belief, Plaintiff Lenox is a corporation organized and existing under the laws of the State of Delaware.  Upon information and belief, Lenox's principal place of business is in North Carolina, but it has substantial business operations in the District of

Massachusetts. Upon information and belief, Lenox's largest United States facility is located in East Longmeadow, Massachusetts, where Lenox employs over 100 employees.

4. Subject to Counterclaimant's affirmative defenses and denials, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a).

5. Subject to Counterclaimant's affirmative defenses and denials, Counterclaimant alleges that venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## FIRST COUNTERCLAIM

6. Counterclaimant repeats, realleges and incorporates by reference paragraphs 1 through 5 above, as if fully set forth herein.

7. An actual controversy exists between Milwaukee Tool and Lenox, based on Lenox's Complaint, as to whether Milwaukee Tool and the Accused Products infringe any claim of U.S. Patent No. 8,579,554 or U.S. Patent No. 8,579,555 ("the '554 and '555 Patents," respectively).

8. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Milwaukee Tool requests a declaration from the Court that Milwaukee Tool and the Accused Products do not infringe and have not infringed, directly or indirectly, any claim of the '554 and '555 Patents.

## SECOND COUNTERCLAIM

9. Counterclaimant repeats, realleges and incorporates by reference paragraphs 1 through 8 above, as if fully set forth herein.

10. An actual controversy exists between Milwaukee Tool and Lenox, based on Lenox's Complaint, as to whether any claim of the '554 or '555 Patents is valid.

11. The '554 and/or '555 Patents are invalid for failure to meet the conditions for patentability specified in 35 U.S.C. §§ 101, 102, 103 and/or 112. For example, the '554 and '555

Patents are invalid under 35 U.S.C. §§ 102 and/or 103 in light of, and including but not limited to, U.S. Pat. Nos. 2,473,077; 6,820,519; and 7,237,291, and/or U.S. Publication 2009/0035082, alone or in combination therewith

12.     Pursuant to the Federal Declaratory Judgment Act, § 2201 et seq., Milwaukee Tool requests a declaration from the Court that all of the claims of the '554 and '555 Patents are invalid for failure to meet the conditions for patentability specified in 35 U.S.C. §§ 101, 102, 103 and/or 112.

## COUNTERCLAIMANT'S PRAYER FOR RELIEF

WHEREFORE, Counterclaimant prays for judgment in its favor and against Lenox as follows:

A.      That Lenox takes nothing by its Complaint;

B.      That the Court enter judgment against Plaintiff/Counterclaim-Defendant Lenox and in favor of Defendant/Counterclaimant Milwaukee Tool;

C.      Enter judgment that the '554 and '555 Patents are not infringed;

D.      Enter judgment that the '554 and '555 Patents are invalid;

E.      An order awarding Counterclaimant its costs;

F.      That the Court determine that this case is exceptional under 35 U.S.C. § 285, thereby entitling Counterclaimants to an award of its reasonable attorneys' fees and costs incurred in defending this action; and

G.      Such other relief as this Court deems fair and appropriate.

Respectfully submitted,

**MILWAUKEE ELECTRIC TOOL CORPORATION**

By its Attorneys,


By: /s/ *Joshua M. Dalton*
    Joshua M. Dalton, Esq. (BBO # 636402)
    Morgan, Lewis & Bockius LLP
    One Federal Street
    Boston, MA 02110-1726
    Tel: (617) 951-8000
    Fax: (617) 951-8736
    E-mail: josh.dalton@morganlewis.com

    Jason C. White, Esq. (*pro hac vice pending*)
    Scott D. Sherwin, Esq. (*pro hac vice pending*)
    Morgan, Lewis & Bockius LLP
    77 W. Wacker Drive, Ste. 500
    Chicago, IL  60601
    Tel:  (312) 324-1000
    Fax:  (312) 324-1001
    E-mail:  jwhite@morganlewis.com
    E-mail:  ssherwin@morganlewis.com

Dated:  May 19, 2015

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 19, 2015.

      /s/ *Joshua M. Dalton*
      Joshua M. Dalton (BBO # 636402)