**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(Springfield Division)**

| | |
|---|---|
| **IRWIN INDUSTRIAL TOOL COMPANY D/B/A LENOX,** | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| **MILWAUKEE ELECTRIC TOOL CORPORATION,** | ) ) ) ) |
| Defendant. | ) ) |

Civil Action No. 3:15-cv-30005

## ANSWER TO DEFENDANT'S COUNTERCLAIMS

Plaintiff Irwin Industrial Tool Company d/b/a Lenox ("Lenox" or "Counterclaim Defendant"), by counsel, hereby answers the Counterclaims asserted against it by Defendant Milwaukee Electric Tool Corporation ("Milwaukee" or "Counterclaimant") as set forth below. Lenox denies all allegations in the Counterclaims unless expressly admitted herein.[1]

### PARTIES AND JURISDICTION

1. Counterclaimant Plaintiff Milwaukee Electric Tool Corporation ("Milwaukee Tool") is a Delaware corporation with its principal place of business located at 13135 West Lisbon Road, Brookfield, Wisconsin 53005.

**ANSWER:** Upon information and belief, admitted.

2. Upon information and belief, Counterclaim-Defendant Lenox is a corporation organized and existing under the laws of the State of Delaware.

**ANSWER:** Admitted.

3. Upon information and belief, Plaintiff Lenox is a corporation organized and existing under the laws of the State of Delaware. Upon information and belief, Lenox's principal place of business is in North Carolina, but it has substantial business operations in the District of Massachusetts. Upon information and belief, Lenox's largest United States facility is located in East Longmeadow, Massachusetts, where Lenox employs over 100 employees.

---

[1] For ease of reference, Lenox incorporates the outline headings used in the Counterclaims. To the extent that such headings make factual allegations, Lenox does not adopt or admit such statements and instead denies them.

**ANSWER:**   Admitted.

4.     Subject to Counterclaimant's affirmative defenses and denials, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a).

**ANSWER:**   Lenox admits that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a).  Lenox disputes the validity of Milwaukee's affirmative defenses and denials of the allegations contained in Lenox's Complaint.  Except as specifically admitted herein, Lenox denies the allegations contained in paragraph 4 of Milwaukee's Counterclaims.

5.     Subject to Counterclaimant's affirmative defenses and denials, Counterclaimant alleges that venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**ANSWER:**   Lenox admits that venue in this District is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b).  Lenox disputes the validity of Milwaukee's affirmative defenses and denials of the allegations contained in Lenox's Complaint.  Except as specifically admitted herein, Lenox denies the allegations contained in paragraph 5 of Milwaukee's Counterclaims.

## FIRST COUNTERCLAIM

6.     Counterclaimant repeats, realleges and incorporates by reference paragraphs 1 through 5 above, as if fully set forth herein.

**ANSWER:**   Lenox repeats, realleges and incorporates by reference its answers to paragraphs 1 through 5, above.

7.     An actual controversy exists between Milwaukee Tool and Lenox, based on Lenox's Complaint, as to whether Milwaukee Tool and the Accused Products infringe any claim of U.S. Patent No. 8,579,554 or U.S. Patent No. 8,579,555 ("the '554 and '555 Patents," respectively).

**ANSWER:**   Lenox admits that an actual controversy exists between it and Milwaukee based on Lenox's Complaint, but denies the remaining allegations of paragraph 7 of Milwaukee's Counterclaims.

8.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Milwaukee Tool requests a declaration from the Court that Milwaukee Tool and the Accused

Products do not infringe and have not infringed, directly or indirectly, any claim of the '554 and '555 Patents.

**ANSWER:** Lenox admits that Milwaukee requests a declaration from the Court that Milwaukee and the Accused Products do not infringe and have not infringed any claim of the '554 and '555 Patents, but denies that Milwaukee is entitled to such relief.

## SECOND COUNTERCLAIM

9. Counterclaimant repeats, realleges and incorporates by reference paragraphs 1 through 8 above, as if fully set forth herein.

**ANSWER:** Lenox repeats, realleges and incorporates by reference its answers to paragraphs 1 through 8, above.

10. An actual controversy exists between Milwaukee Tool and Lenox, based on Lenox's Complaint, as to whether any claim of the '554 or '555 Patents is valid.

**ANSWER:** Lenox admits that an actual controversy exists between it and Milwaukee based on Lenox's Complaint, but denies the remaining allegations of paragraph 10 of Milwaukee's Counterclaims.

11. The '554 and/or '555 Patents are invalid for failure to meet the conditions for patentability specified in 35 U.S.C. §§ 101, 102, 103 and/or 112. For example, the '554 and '555 Patents are invalid under 35 U.S.C. §§ 102 and/or 103 in light of, and including but not limited to, U.S. Pat. Nos. 2,473,077; 6,820,519; and 7,237,291, and/or U.S. Publication 2009/0035082, alone or in combination therewith

**ANSWER:** Denied.

12. Pursuant to the Federal Declaratory Judgment Act, § 2201 et seq., Milwaukee Tool requests a declaration from the Court that all of the claims of the '554 and '555 Patents are invalid for failure to meet the conditions for patentability specified in 35 U.S.C. §§ 101, 102, 103 and/or 112.

**ANSWER:** Lenox admits that Milwaukee requests a declaration from the Court that all of the claims of the '554 and '555 Patents are invalid, but denies that Milwaukee is entitled to such relief.

## JURY DEMAND

Pursuant to Rules 38(b) and 57 of the Federal Rules of Civil Procedure, Lenox hereby requests trial by jury on the Counterclaims asserted against it by Milwaukee. Lenox makes this

3

supplemental jury demand in addition to the demand contained in its Complaint, which requested trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Lenox denies that Milwaukee is entitled to any relief of any kind whatsoever, whether sought in its Prayer for Relief, or otherwise, in connection with this action. Lenox requests that the Court deny the judgment and requested relief set forth in Milwaukee's Prayer for Relief, and further prays:

A. That Milwaukee takes nothing by way of its Counterclaims;

B. That the Counterclaims be dismissed with prejudice in their entirety;

C. For judgment in favor of Lenox on the Counterclaims;

D. For costs, including such reasonable attorneys' fees as the Court may find recoverable; and

E. For such further or alternate relief as the Court deems just and proper.

Dated: June 2, 2015

Respectfully submitted,

Irwin Industrial Tool Company d/b/a Lenox

By Counsel

*/s/ Kevin M. Duddlesten*
Kevin M. Duddlesten (BBO No. 680624)
McGuireWoods LLP
2000 McKinney Avenue, Suite 1400
Dallas, Texas 75201
Tel:    214 932 6400
Fax:   214 932 6499
kduddlesten@mcguirewoods.com

*Counsel for Plaintiff Irwin Industrial Tool Company d/b/a Lenox*

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 2, 2015, I electronically filed the foregoing **ANSWER TO DEFENDANT'S COUNTERCLAIMS** with the Clerk of the Court using the CM/ECF system, which will send electronic notification to:

Joshua M. Dalton, Esq.
Morgan, Lewis & Bockius LLP
One Federal Street
Boston, MA 02110-1726
josh.dalton@morganlewis.com

Jason C. White, Esq.
Scott D. Sherwin, Esq.
Morgan, Lewis & Bockius LLP
77 W. Wacker Drive, Ste. 500
Chicago, IL 60601
jwhite@morganlewis.com
ssherwin@morganlewis.com

*Counsel for Defendant Milwaukee Electric Tool Corporation*

                                           */s/ Kevin M. Duddlesten*
                                           Kevin M. Duddlesten (BBO No. 680624)