**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**(Springfield Division)**

| | | |
|---|---|---|
| **IRWIN INDUSTRIAL TOOL COMPANY** | ) | |
| **D/B/A LENOX,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 3:15-cv-30005** |
| **v.** | ) | |
| | ) | |
| **MILWAUKEE ELECTRIC TOOL** | ) | |
| **CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**JOINT REPORT PURSUANT TO**
**FED. R. CIV. P. 26(f) AND LOCAL RULE 16.1(d)**

Plaintiff Irwin Industrial Tool Company d/b/a Lenox ("Lenox" or "Plaintiff") and

Defendant Milwaukee Electric Tool Corporation ("Milwaukee" or "Defendant"), by and through

their counsel, hereby respectfully submit their Joint Report pursuant to Rule 26(f) of the Federal

Rules of Civil Procedure and Local Rule 16.1(d).

1.       **Joint Conference and Proposed Scheduling Order.**  Pursuant to FED. R. CIV. P.

26(f), Local Rule 16.1(b), and the Court's Notice of Scheduling Conference, an initial phone

conference regarding a Discovery Plan and proposed case schedule was held on June 10, 2015

between Rachelle Thompson for Lenox and Jason White for Milwaukee.  The parties continued

to meet and confer thereafter.  The parties have reached agreement on certain matters but

disagree as to Parts 6.c and 8.a of the Proposed Scheduling Order as well as Part 5.c of this Joint

Statement.

The parties' proposed schedule for this matter is set forth in the attached Proposed

Scheduling Order (Exhibit A).  The Proposed Scheduling Order proposes dates for: (a) the

discovery and case management deadlines required by Local Rule 16.1(f); and (b) the special

patent deadlines required by Local Rule 16.6.  Accordingly, the Proposed Scheduling Order includes the "joint discovery plan" required by Local Rule 16.1(d)(1), the "proposed schedule for the filing of motions" required by Local Rule 16.1(d)(2), and the patent-specific deadlines required by Local Rule 16.6(a)(1)–(3).

The parties respectfully submit that their Proposed Scheduling Order complies with the obligation to limit discovery under FED. R. CIV. P. 26(b), and reflects the parties' best estimate of how much time it will take to complete each pretrial task.  Therefore, the parties respectfully request that their Proposed Scheduling Order be entered.

2.   **Initial Disclosures.**  The parties agree to exchange the information required by FED. R. CIV. P. 26(a)(1) by June 24, 2015.  The parties agree that they will make any supplemental disclosures under FED. R. CIV. P. 26(e) promptly after receipt of information by the party or counsel and, in any event, no later than the completion of fact discovery, unless good reason can be show why such information was not available.

3.   **Discovery Plan.**  The parties jointly propose to the Court the following Discovery Plan:

a.   <u>Scope of Discovery.</u>  All facts relating to the claims, counterclaims, and defenses of the parties, to the asserted relief, and any other issues raised in the pleadings as they presently exist or may be amended.

b.   <u>Production of Electronically Stored Information.</u>  Disclosure or discovery of electronically stored information shall be  produced by each party in TIFF format.  TIFF files shall be single-page, group IV, and shall be named based on the unique page ID, which will begin with the BegDoc number for the first page of each document and continue sequentially for each page thereafter, followed by the extension ".TIF".  The documents should be logically unitized (i.e.,

contain correct document breaks) with the beginning and ending Bates ranges to account for the breaks between documents.   An image load file for use with Opticon/IPRO, preferably an .LFP or .OPT file, shall be provided to indicate the location of the TIFF.   A data load file compatible with Concordance (DAT) or Summation (DII) shall also be provided that includes the following objective coding fields: "BegProd," "EndProd," "Pages" and "Volume."   Document level OCR text files will be provided.   Each file will be named using the bates number of the first page of the document (e.g., a four page document that starts with ABC0000001 will bear the name ABC0000001.TXT).   With respect to documents containing redacted text, OCR will be provided for the non-redacted text.

The parties reserve the ability to request and/or provide production of certain information (*e.g.,* Microsoft Excel files) in native format to facilitate use by each side, or to make other agreements for their mutual convenience relating to the form and manner of production.   For example, the parties may make reasonable requests of each other to produce specific documents in native format upon a showing of good cause, *e.g.*, when a document would become illegible or unusable when converted to .TIFF or .PDF or when a document cannot be converted to .TIFF or .PDF.   The parties also reserve their respective rights to object to any such request.

The parties agree that limited fields of metadata associated with any electronically stored files will be produced.   The parties agree to produce the following metadata fields to the extent readily available: (a) for non-email productions, only the objective coding fields identified above will be sufficient metadata contained in the document load files and (b) for email-based productions, the author, subject, date and time that the document was sent and received, as well as the complete distribution list (including to, from, cc, bcc), begattach, and endattach shall generally be included in the production if such fields exist.   Upon a particularized showing of

good cause, a party may request and obtain additional metadata fields for specific non-email documents.

        c.     Scope of Electronic Discovery.  The parties agree that unless otherwise noted below, the scope of discovery will be governed by Fed. R. Civ. P. 26, and each party will search for responsive documents in the location(s) where they are believed to reside.  The producing party shall not be required to search for additional copies of such responsive documents that may be located elsewhere absent a showing of good cause that the production of such additional copies is necessary.

The parties agree that materials retained primarily for back-up or disaster recovery purposes such as tape, floppy disk, optical disk, or similar formats shall be deemed not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).  The parties agree that voicemail messages, random access memory, instant messages and chats, information from mobile phones, smart phones or PDAs, on-line access data such as temporary internet files, history, cache, and cookies, and dynamic fields of databases or log files that are not stored or retained in the ordinary course of business will be considered not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B) and, accordingly, need not be searched and will not be subject to production absent a showing of good cause by the requesting party based upon specific facts that demonstrate a particular need for such evidence that justifies the burden of retrieval, and further subject to the producing party's claim of undue burden or cost.  No party need deviate from the retention practices it normally exercises with regard to such voicemail messages, random access memory, instant messages and chats, information from mobile phones, smart phones or PDAs, and when not in anticipation of litigation.

d.    <u>Limitations on Email Discovery</u>.    The parties agree that a party may specifically request email discovery by propounding specific email production requests.  Each requesting party shall limit its email production requests to a total of five (5) custodians per party.  Email production requests shall identify the custodian, search terms and time frame, and be subject to the other terms of this provision.

To obtain electronic mail, parties must propound specific requests for production of emails.  The parties reserve their respective rights to object to such requests.  The parties shall cooperate to identify the appropriate custodians, search terms, and time frames.

i.    The parties shall limit their email production requests to a total of fifteen (15) search terms per custodian.  The search terms shall be narrowly tailored to particular issues.  Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction.  A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term.  A disjunctive combination of multiple words or phrases (e.g. "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word or patent.  Use of narrowing search criteria (e.g., "and," "but not," or proximity operators such as "computer" w/5 words of "system") is encouraged to limit the volume of hits and shall be considered should the Court need to adjudicate requests for cost shifting due to disproportionate discovery.  The parties may jointly agree to modify this limit without the Court's leave.  The Court shall consider contested requests for additional or fewer search terms per custodian upon showing a distinct need based on the size, complexity, and issues of this specific case.

ii.     The producing party will conduct a search of each identified custodian's emails (sent and received) using the corresponding search terms.  If the producing party believes, in good-faith, that a search will result in overproduction from a custodian (that is, if a substantial number of hits captured by the search are not relevant to any claim or defense), the producing party will provide to the receiving party a datasheet showing the number of documents from said custodian captured by the search ("hits").  The receiving party shall then identify a narrower set of search terms that the producing party will use to search the custodian's emails.  The producing party shall then produce to the receiving party the documents captured by the selected search after review for privilege and relevance in a manner consistent with this Report.  The parties reserve their respective rights to assert the attorney-client privilege, work product and/or other discovery immunity with respect to any such production.  Any emails or email attachments withheld on the basis of attorney-client privilege, work product and/or other discovery immunity must be logged in accordance with Section 3.g below.

iii.     Once the producing party has identified and produced a particular email, the producing party is not required to search for or produce additional copies of such responsive email that may be in the possession of other employees of the producing party absent a showing of good cause that the production of such additional copies is necessary.  In the event email discovery is specifically requested according to this procedure and a dispute between the parties arises, the parties will work in good faith to resolve the matter but reserve their rights to oppose any such requests and/or seek an appropriate protective order or other relief where appropriate.

e.     <u>Hardcopy Documents.</u>  The parties agree to each produce electronic copies of responsive and non-privileged hardcopy documents as they are kept in the ordinary course of

6

business, with appropriate production numbers and confidentiality designations, at a resolution of at least 300 dots-per-inch (dpi), as single-page TIFF images with OCR text files, with remaining details concerning production of such documents the same as described in Section 3.b above.

f.    <u>Inadvertent Production of Documents.</u>    Inadvertent disclosure of any document or other information covered by the attorney-client privilege, work-product or other applicable privileges ("Privileged Materials") during discovery shall be without prejudice to any claim that such document or other information is privileged and/or protected, and no party shall assert that the producing party has waived any rights by such inadvertent disclosure if a request for return of such inadvertently produced Privileged Materials is made within a reasonable time after the producing party learns of its inadvertent production.

g.    <u>Logging of Privileged Materials.</u>    The parties agree that any party withholding production of any documents (including emails or email attachments) on the basis of a claim of privilege (attorney-client or work product) must serve a privilege log providing, to the extent known, the date, author, sender, recipient, and description of the document, and the basis for the claim of privilege.  If any of the foregoing information is unknown, the producing party shall affirmatively state as much in the privilege log.  Privilege logs may utilize abbreviations or keys to state the required information (*e.g.*, the type of privilege being claimed).  Once the procedural schedule for this matter is issued, the parties will negotiate a date for exchanging initial privilege logs as well as procedures for serving privilege logs for subsequent productions. The parties agree that Privileged Materials drafted, created, and/or generated on or after January 8, 2015 do not have to be identified in a privilege log.

h.   <u>Protective Order.</u>   The parties agree that a protective order will be necessary to protect proprietary, trade secret, or other confidential information and documentation that will be produced by the parties and possibly third parties or otherwise disclosed in proceedings before the Court.   The parties will cooperate in an effort to provide a stipulated proposed protective order for the Court's consideration within thirty (30) days from the date the Court enters a Scheduling Order in this matter.

i.   <u>Fact Discovery.</u>   The parties agree that production of documents and things will occur on a rolling basis as promptly as reasonably possible following service of requests for production of same under FED. R. CIV. P. 34.   The parties agree that all fact discovery should be completed on or before June 30, 2016.   All other dates regarding fact discovery are agreed upon, set by, or follow from the Local Rules and are set forth in the accompanying Proposed Scheduling Order.

j.   <u>Discovery Limitations.</u>   The parties agree that the Federal Rules of Civil Procedure and the Local Rules will govern the limitations on discovery in this matter.

k.   <u>Third-Party Discovery.</u>   The parties shall serve upon each other all materials received pursuant to any third-party subpoena within three (3) business days of receipt from the third party.   Such service may be made by email.

l.   <u>Discovery of Expert Materials.</u>   Testifying experts shall not be subject to discovery on any draft of their reports and such draft reports, notes, or outlines for draft reports are also exempt from production and discovery.   The parties agree that no discovery can or will be taken from any non-testifying expert unless the conversations or communications between a non-testifying expert and a testifying expert are relied upon by a testifying expert in formulating his or her final report, or any opinion in this litigation.   No conversations or communications

between counsel and any testifying or non-testifying expert, including emails, written agreements, or correspondence, will be subject to discovery unless the conversations or communications are relied upon by a testifying expert in formulating his or her final report, or any opinion in this litigation.  Materials, communications, and other information exempt from discovery shall be treated as attorney work product.

The parties agree not to inquire at deposition, trial, or hearing as to the contents of drafts of expert reports, drafts of expert declarations, or drafts of expert affidavits, nor notes pertaining thereto, whether drafted in connection with the instant litigation or any prior or currently pending litigation, or proceeding involving any of the parties.  The parties further agree that they will not inquire at deposition, trial, or hearing as to the expert's communications, written or oral, with counsel, whether generated in connection with this instant litigation, or a prior or currently pending litigation, or proceeding involving any of the parties, except to the extent that the expert references or cites information provided from counsel in his or her expert report, declaration, affidavit, or testimony or otherwise has relied on or considered information from counsel in forming his or her opinions.  Notwithstanding the foregoing, the parties may inquire at deposition, trial, or hearing as to the expert's communications, written or oral, with counsel, whether generated in connection with this instant litigation, or a prior or currently pending litigation, or proceeding involving any of the parties for the purpose of determining whether the expert relied on any of that information in forming his or her opinion.

The parties will identify and produce copies of any documents relied upon or considered by the expert in his or her expert report.  Furthermore, subject to and without waiving the provisions of FED. R. CIV. P. 26(b)(4)(B) and (C), the parties further agree that nothing in this Report is intended to restrict the parties ability to (a) inquire into the basis of any of the opinions

expressed by any experts in his or her report, declaration, affidavit, or testimony, including the manner by which such opinions were reached, and information considered in reaching such opinions even if such information was provided by counsel; (b) otherwise inquire into the process by which an expert report, affidavit or declaration was drafted, provided that, in so doing, the parties may not discover the contents of any such drafts of expert reports, declarations or affidavits, nor notes pertaining thereto or communications with counsel not relied upon by the expert as the basis for his or her opinions; or (c) obtain expert reports, testimony, or other discovery or evidence, relevant to the patents-at-issue, produced in any prior or currently pending litigation, or proceeding involving any of the parties that is subject to applicable Protective Orders.

m.      The parties agree that the deadlines for expert reports and depositions shall be as set forth in the attached Proposed Scheduling Order.

4.      **Certifications Required by Local Rule 16.1(d)(3).**  Pursuant to Local Rule 16.1(d)(3), attached as Exhibits B and C are certifications that each party and its counsel has conferred: (a) with a view to establishing a budget for the costs of this litigation; and (b) to consider the possibility of resolving this litigation through alternative dispute resolution programs, such as those outlined in Local Rule 16.4.

5.      **Patent-Specific Statements Required by Local Rule 16.6.**  The parties' proposals for the patent-specific deadlines required by Local Rule 16.6(a)(1)–(3) are set forth in the attached Proposed Scheduling Order.  The other patent-specific statements required by Local Rule 16.6 are provided below.

a.    Local Rule 16.6(A)(3)(a)**.**  The parties request that the Court decide claim construction on the basis of both: (i) a live *Markman* hearing; and (ii) the parties' *Markman* briefing.

b.    Local Rule 16.6(A)(4).  The parties believe that there is a need for a tutorial on the relevant technology on the same day as the live Markman hearing.

c.    Local Rule 16.6(A)(5).  The dispositive issues in this case include the infringement and validity of the patents-in-suit.  [**Defendant's Position:** In particular, Defendant believes the question of the validity of the patents-in-suit under 35 U.S.C. § 112 may be more likely than the other issues in the case to lead to an early resolution of this case.  Accordingly, Defendant may file a motion addressing whether the patents-in-suit impermissibly mix apparatus limitations with method steps in a single claim in violation of 35 U.S.C. § 112 before the deadline for dispositive motions.]  [**Plaintiff's Response:**  Plaintiff does not believe that a motion under 35 U.S.C. § 112 would lead to an early resolution of this case.  Specifically, Plaintiff believes that there is no basis for a motion under § 112 and any such motion would be premature.]

d.    Local Rules 16.6(A)(6).  The parties respectfully request that the Court authorize the parties to file documents containing confidential information under seal.  The parties are preparing a proposed Stipulated Protective Order to govern the treatment of confidential information in this case, and will file a joint motion seeking entry of the proposed Stipulated Protective Order once it is completed.

e.    Local Rule 16.6(A)(7).  The parties have set forth above the procedures and limits for the preservation and discovery of electronically-stored information they believe are appropriate in this matter in addition to the general procedures and limits supplied by the Federal

Rules of Civil Procedure, the Local Rules, the attached Proposed Scheduling Order, and other applicable law.

      6.    **Other Items.**

          a.    <u>Trial.</u>  The parties propose to conduct a pretrial conference within sixty (60) days after the completion of briefing of all dispositive motions.  The parties anticipate that the case will be ready for trial upon the conclusion of the pretrial conference.  The parties agree that trial by jury is expected to take approximately five (5) days.

          b.    <u>Extensions of Deadlines.</u>  The parties propose that in the event the Court has not issued an Order on Claim Construction by the close of fact discovery, the parties be allowed file a motion seeking extension of the remaining deadlines in the Scheduling Order, including the deadline for close of fact discovery.

          c.    <u>Service of Papers.</u>  The parties agree that whenever possible, service of papers not filed via the CM/ECF system will be by email, FTP, or overnight courier, and the parties agree that such service shall be considered service on the day received under FED. R. CIV. P. 5(b)(2)(E) and thus when a party may or must act within a specified time after service three (3) days are added after the period would otherwise expire under Rule 6(a).  Should a party designate a particular address for email service, the parties agree that service via email must be made to such designated address.

Dated: June 24, 2015                  Respectfully submitted,

                                      Irwin Industrial Tool Company d/b/a Lenox

                                      By Counsel

                                      */s/ Kevin M. Duddlesten*
                                      Kevin M. Duddlesten (BBO No. 680624)
                                      McGuireWoods LLP
                                      2000 McKinney Avenue, Suite 1400
                                      Dallas, Texas 75201
                                      Tel:    (214) 932 6400
                                      Fax:    (214) 932 6499
                                      kduddlesten@mcguirewoods.com

                                      David E. Finkelson
                                      McGuireWoods LLP
                                      901 E. Cary Street
                                      Richmond, VA 23219
                                      Tel: (804) 775-1157
                                      Fax: (804) 225-5377
                                      dfinkelson@mcguirewoods.com

                                      Rachelle H. Thompson
                                      McGuireWoods LLP
                                      434 Fayetteville Street, Suite 2600
                                      Raleigh, NC 27601
                                      Tel:    (919) 755-6572
                                      Fax:    (919) 755-6699
                                      rthompson@mcguirewoods.com

                                      *Counsel for Plaintiff Irwin Industrial Tool
                                      Company d/b/a Lenox*

                                      *-and-*

*/s/ Joshua M. Dalton*
Joshua M. Dalton, Esq. (BBO No. 636402)
Peter G. Byrne, Esq.
Morgan, Lewis & Bockius LLP
One Federal Street
Boston, MA 02110-1726
josh.dalton@morganlewis.com
peter.byrne@morganlewis.com

Jason C. White, Esq.
Scott D. Sherwin, Esq.
Morgan, Lewis & Bockius LLP
77 W. Wacker Drive, Ste. 500
Chicago, IL 60601
jwhite@morganlewis.com
ssherwin@morganlewis.com

*Counsel for Defendant Milwaukee*
*Electric Tool Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2015, I electronically filed the foregoing **Joint Report Pursuant to FED. R. CIV. P. 26(f) and Local Rule 16.1(d)** with the Clerk of the Court using the CM/ECF system, which will send electronic notification to:

Joshua M. Dalton, Esq.
Peter G. Byrne, Esq.
Morgan, Lewis & Bockius LLP
One Federal Street
Boston, MA 02110-1726
josh.dalton@morganlewis.com
peter.byrne@morganlewis.com

Jason C. White, Esq.
Scott D. Sherwin, Esq.
Morgan, Lewis & Bockius LLP
77 W. Wacker Drive, Ste. 500
Chicago, IL 60601
jwhite@morganlewis.com
ssherwin@morganlewis.com

*Counsel for Defendant Milwaukee
Electric Tool Corporation*

*/s/ Kevin M. Duddlesten*
Kevin M. Duddlesten (BBO No. 680624)