**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
(Springfield Division)

| | |
|---|---|
| **IRWIN INDUSTRIAL TOOL COMPANY** | ) |
| **D/B/A LENOX,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **Civil Action No. 3:15-cv-30005** |
| **v.** | ) |
| | ) |
| **MILWAUKEE ELECTRIC TOOL** | ) |
| **CORPORATION,** | ) |
| | ) |
| **Defendant.** | ) |

## SCHEDULING ORDER

ROBERTSON, J.

The above-entitled action having been heard on <u>July 1, 2015</u>, it is hereby ORDERED pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rules 16.1(f) and 16.6(B) that:

### Timetable for Discovery and Motion Practice

1. **Joinder of Parties and Amendment of Pleadings.**  Except for good cause shown, all motions to join other parties or amend the pleadings shall be filed on or before <u>August 24, 2015</u>.

2. **Discovery.**

   a. **Final Deadline.**  All fact discovery is to be completed on or before <u>June 30, 2016</u>, unless shortened or enlarged by Order of this Court;

   b. **Document Production.**  Document production shall be substantially completed by <u>January 8, 2016</u>.

   c. **Requests for Admissions.**  Pursuant to Local Rule 26.1(c), a maximum of <u>twenty-five (25) requests for admissions</u> are permitted for each side.  There is no

limit on the number of requests for admission the parties may serve to establish the authenticity of documents. This provision is not a waiver of any party's ability to argue that a particular set of requests for admissions directed to authenticity or the business records exception constitutes an undue burden.

d. **Interrogatories.** Pursuant to Local Rule 26.1(c), a maximum of twenty-five (25) interrogatories may be propounded by each party. The subparts of a basic interrogatory which are logical extensions of the basic interrogatory and seek only to obtain specified additional particularized information with respect to the basic interrogatory shall not be counted separately from the basic interrogatory.

e. **Requests for Production.** Pursuant to Local Rule 26.1(c), each party shall be limited to two (2) separate sets of requests for production.

f. **Depositions.**

   i. **Limitation on Deposition Discovery.** Each party shall be limited to ten (10) depositions of the other party and its witnesses. This limit does not apply to third-party and expert depositions.

   ii. **Rule 30(b)(6) Depositions.** For purposes of the ten-deposition limit set forth above, a party's Rule 30(b)(6) deposition counts as one deposition regardless of the number of persons designated to testify on behalf of the organization. However, the seven-hour limit on the length of depositions set forth in Rule 30(d)(1) of the Federal Rules of Civil Procedure shall apply separately to each individual designated such that the examining party may examine each corporate representative for up to seven (7) hours regardless of the number of representatives designated to testify.

g. **Discovery Matters and Disputes Relating to Protective Orders.**  The parties are referred to the Standing Order Regarding Confidentiality Agreements Between Parties issued by the Honorable Mark G. Mastroianni.   If, after conferring, the parties are unable to agree on the terms of a protective order, they may seek a ruling of the Court on the terms of any such order pursuant to District Judge Mastroianni's Standing Order.

h. **Expert Discovery.**

   i. **Opening Expert Reports.**  All expert disclosures contemplated by Rule 26(a)(2) of the Federal Rules of Civil Procedure for issues on which a party bears the ultimate burden of proof ("Opening Expert Reports") must be served on or before <u>September 9, 2016</u>.

   ii. **Rebuttal Expert Reports.**   All expert reports contemplated by Rule 26(a)(2) of the Federal Rules of Civil Procedure in rebuttal to the Opening Expert Reports (the "Rebuttal Expert Reports") must be served on or before <u>October 21, 2016</u>.

   iii. **Completion of Expert Discovery.**   All expert discovery is to be completed on or before <u>December 16, 2016</u>, unless shortened or enlarged by Order of this Court.

   iv. **Objections to Expert Testimony.**  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Rule 702 of the Federal Rules of Evidence, it shall be made by motion pursuant to Local Rule 26.4 (The objecting party "shall give written notice of the

grounds of objection, together with supporting authority, to all other parties no later than the time for such objections provided in LR 16.5(c).").

3. **Dispositive Motions.**

   a. Dispositive motions, such as motions for summary judgment or partial summary judgment and motions for judgment on the pleadings, are to be filed on or before January 17, 2017.

   b. Oppositions to dispositive motions must be filed within thirty (30) days after the motion is served.

   c. Reply briefs must be filed within fourteen (14) days after the opposition is served.

   **<u>Patent-Specific Provisions (Local Rule 16.6)</u>**

4. **Preliminary Disclosures.**

   a. **Preliminary Infringement Disclosure.**   No later than August 3, 2015, the patentee shall serve preliminary disclosure of the claims infringed.  The patentee shall specify which claims are allegedly infringed and identify the accused product(s) or method(s) that allegedly infringe those claims.  The patentee shall also specify whether the alleged infringement is literal or falls under the doctrine of equivalents.  If the patentee has not already done so, the patentee shall produce all documents supporting its contentions and/or identify any such supporting documents produced by the accused infringer.  Such disclosures may be amended and supplemented up to 30 days before the date of the Claim Construction Hearing.  After that time, such disclosures may be amended or supplemented only pursuant to ¶ 8(a) or by leave of Court, for good cause shown.

   The patentee may use a table such as that represented below.

| CLAIM LIMITATION | ACCUSED COMPONENT | BASIS OF INFRINGEMENT CONTENTION |
|---|---|---|
|  |  |  |
|  |  |  |

b. **Preliminary Invalidity and Non-Infringement Disclosures.**   No later than
October 5, 2015, the accused infringer shall serve Preliminary Invalidity and Non-
Infringement Contentions.   The accused infringer shall identify prior art that
anticipates or renders obvious the identified patent claims in question and, for
each such prior art reference, shall specify whether it anticipates or is relevant to
the obviousness inquiry.  If applicable, the accused infringer shall also specify any
other grounds for invalidity, such as indefiniteness, best mode, enablement, or
written description.  If the accused infringer has not already done so, the accused
infringer shall produce documents relevant to the invalidity defenses and/or
identify any such supporting documents produced by the patentee.  Further, if the
accused infringer has not already done so, the accused infringer shall produce
documents sufficient to show operation of the accused product(s) or method(s)
that the patentee identified in its preliminary infringement disclosures.   Such
disclosures may be amended and supplemented up to 30 days before the date of
the Claim Construction Hearing.   After that time, such disclosures may be
amended or supplemented only pursuant to ¶ 8(a) or by leave of Court, for good
cause shown, except that, if the patentee amends or supplements its preliminary
infringement disclosures, the accused infringer may likewise amend or
supplement its disclosures within thirty (30) days of service of the amended or
supplemented infringement disclosures.

The accused infringer may use the charts shown below.

| CLAIM LIMITATION | PRIOR ART OR OTHER EVIDENCE | BASIS OF INVALIDITY CONTENTION |
|---|---|---|
|  |  |  |
|  |  |  |

| CLAIM LIMITATION | ACCUSED COMPONENT | BASIS OF NON-INFRINGEMENT CONTENTION |
|---|---|---|
|  |  |  |
|  |  |  |

c. **Preliminary Responsive Invalidity Disclosures.**  No later than <u>November 5, 2015</u>, the patentee shall serve responsive invalidity disclosures.  The patentee shall specify which limitations/steps are met and which limitations/steps are not met by each prior art reference and respond to any allegations of invalidity under 35 U.S.C. § 112.  Such disclosures may be amended and supplemented up to <u>28 days</u> before the date of the Claim Construction Hearing.  After that time, such disclosures may be amended or supplemented only pursuant to ¶ 8(a) or by leave of Court, for good cause shown.

The plaintiff may use the chart shown below.

| CLAIM LIMITATION | PRIOR ART OR OTHER EVIDENCE | BASIS OF INVALIDITY CONTENTION | RESPONSIVE INVALIDITY CONTENTION |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

5. **Case Management Conference.**  There shall be a case management conference on January 19, 2016 at 11:00 a.m.  Plaintiff shall not have an obligation to respond to any motion filed by the defendant pursuant to 35 U.S.C. § 112 prior to the case management

conference.  At the case management conference, the parties shall be prepared to address whether any such motion by the defendant should be ruled on in advance of the claim construction proceedings.

6.  **Claim Construction Proceedings.**

    a.  No later than <u>January 15, 2016</u>, the parties shall simultaneously exchange a list of claim terms to be construed.

    b.  No later than <u>January 29, 2016</u>, the parties shall simultaneously exchange a list of proposed constructions of the claim terms to be construed.

    c.  No later than <u>February 5, 2016</u>, the parties shall confer to discuss whether any of the claim terms previously exchanged may be eliminated from the list of terms to be construed.

    d.  No later than <u>February 26, 2016</u>, the parties shall simultaneously exchange and file preliminary claim construction briefs.  Each brief shall contain a list of terms construed, the party's proposed construction of each term, and evidence and argument supporting each construction. Absent leave of Court, preliminary claim construction briefs shall be limited to <u>twenty-five (25) pages</u>.

    e.  No later than <u>March 18, 2016</u>, the parties shall simultaneously exchange reply briefs.  Absent leave of Court, reply briefs shall be limited to <u>fifteen (15) pages</u>.

    f.  No later than <u>March 25, 2016</u>, the parties shall finalize the list of disputed terms for the Court to construe.  The parties shall prepare and file a joint claim construction and prehearing statement (hereafter the "joint statement") that identifies both agreed and disputed terms.

        i.  The joint statement shall note the anticipated length of time necessary for

the claim construction hearing and whether any party proposes to call witnesses, including a statement that such extrinsic evidence does not conflict with intrinsic evidence.

ii. The joint statement shall also indicate whether the parties will present tutorials on the relevant technology, the form of such tutorials, and the timing for such tutorials in relation to the claim construction hearing.  If the parties plan to provide tutorials in the form of briefs, declarations, computer animations, slide presentations, or other media, the parties shall exchange such materials seven (7) days before the claim construction hearing, or at another time as agreed by counsel.  In the alternative, the parties may present tutorials through presentations by the attorneys or experts at the claim construction hearing.

iii. The joint statement shall include a proposed order in which parties will present their arguments at the claim construction hearing, which may be term-by-term or party-by-party, depending on the issues in the case.

iv. The joint statement shall limit the number of claim terms to be construed and shall prioritize the disputed terms in order of importance.  The Court suggests that, ordinarily, no more than ten (10) terms per patent be identified as requiring construction.

v. The joint statement shall include a joint claim construction chart, noting each party's proposed construction of each term and supporting evidence. The parties may use the form shown below.

| TERM | PATENTEE'S CONSTRUCTION | ACCUSED INFRINGER'S | COURT'S CONSTRUCTION |
|------|------|------|------|

| | | **CONSTRUCTION** | |
|---|---|---|---|
| | | | |
| | | | |

7. **Claim Construction Hearing.**  A claim construction hearing shall be held on April 18, 2016 commencing at 11:00 a.m.

    a. **After the Hearing.**

        If necessary, the parties may amend their preliminary infringement/invalidity disclosures, noting whether any infringement or invalidity contentions are withdrawn, within <u>30 days</u> after the Court's ruling on the claim construction.  The parties may amend their preliminary non-infringement/validity disclosures within <u>42 days</u> after the Court's ruling on the claim construction.

    b. **Fact Discovery After the Claim Construction Hearing.**  If the fact discovery period has expired before a ruling on claim construction, and upon motion or stipulation of the parties, the Court may grant additional time for discovery.  Such additional discovery shall be limited to issues of infringement, invalidity, or unenforceability dependent on the claim construction.

    c. **Expert Discovery After the Claim Construction Hearing.**  If expert discovery has been substantially conducted before a claim construction ruling, then the Court may grant additional time for supplemental expert discovery. Such additional discovery shall be limited to issues of infringement, invalidity, or unenforceability dependent on the claim construction.

8. **Reliance on Advice of Counsel.**  Defendant shall inform Plaintiff whether it intends to rely upon advice of counsel as a defense to willful infringement no later than <u>thirty (30) days</u> after the Court's entry of a Claim Construction Order.  If Defendant elects to rely on

advice of counsel as a defense to willful infringement, Defendant shall produce to Plaintiff such opinions on which Defendant intends to rely no later than <u>fourteen (14) days</u> after notifying Plaintiff of Defendant's reliance on counsel defense.

9. A case management conference shall be held on September 13, 2016 at 2:00 p.m. for purposes of scheduling pre-trial conferences and the trial of this case.  No later than <u>seven (7) days</u> before the status conference, the parties shall file a JOINT STATUS REPORT indicating the current status of the case, including discovery proceedings, settlement discussions, pending or contemplated motions, proposed dates for pretrial conferences and for trial, and any other matters which should be addressed at the further conference.

All provisions and deadlines contained in this order having been established with the participation of the parties to this case, any requests for modification must be presented to the Magistrate Judge only after the parties have conferred in good faith pursuant to Local Rule 7.1 about any proposed revisions to the schedule.  Any requests for extension will be granted only for good cause shown supported by affidavits, other evidentiary materials, or reference to pertinent portions of the record.  The request shall be made by motion and shall contain the reasons for the request, a summary of the discovery which remains to be taken, and a date certain when the requesting party will complete the additional discovery, join other parties, amend the pleadings or file motions. The Court may then enter an amended scheduling order, if necessary.  Counsel are encouraged to seek an early resolution of this matter. Additional case management conferences may be scheduled by the Court or upon the request of counsel, if the Court can be of assistance in resolving preliminary issues or in settlement.

By the Court,

Dated: July 13, 2015

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE